```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IN RE:                                          :
                                                :
LANCE LEVENSTEIN,                               :
                              Debtor.           :         OPINION AND ORDER
--------------------------------------------------------------x
PIYANATE MANEWAN,                               :         22 CV 7520 (VB)
                              Appellee,         :
                                                :
v.                                              :
                                                :
LANCE LEVENSTEIN,                               :
                              Appellant.        :
--------------------------------------------------------------x
```

Briccetti, J.:

Appellant Lance Levenstein, debtor in the underlying bankruptcy proceedings, appeals from the July 26, 2022, Order of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris), granting summary judgment to appellee Piyanate Manewan and declaring that Levenstein's debt to Manewan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15). (A-277).[1]

For the reasons set forth below, the Bankruptcy Court's Order is AFFIRMED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

Between October 1992 and June 1995, Levenstein failed to make child support payments to his ex-wife, Kimberly David. A criminal case was brought against Levenstein in the U.S. District Court for the Eastern District of Virginia for failure to pay legal child support

---

[1]    "A-__" refers to the Joint Appendix submitted by the parties pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure.

1

obligations.  Levenstein pleaded guilty, and on June 27, 1995, an amended judgment was entered directing him to pay David $132,718.49 in restitution (the "Child Support Judgment").

Thereafter, Levenstein married again.

On August 19, 1999, before Levenstein had divorced his second wife, Levenstein married Manewan.  During his marriage to Manewan, Levenstein used their marital funds to pay the Child Support Judgment to David.

On July 18, 2006, Manewan filed for divorce from Levenstein in Supreme Court, Rockland County (the "Divorce Court"), alleging Levenstein committed bigamy by not divorcing his second wife before marrying Manewan.

On February 25, 2009, the Divorce Court issued a judgment of annulment and directed the distribution of marital debts and assets.  Manewan appealed the distribution for failing to award her credit for fifty percent of the marital funds used to pay Levenstein's obligations under the Child Support Judgment.  On October 24, 2012, the Appellate Division, Second Department ruled in Manewan's favor, and remanded the matter back to the Divorce Court for entry of an amended judgment.  Levenstein v. Levenstein, 99 A.D. 3d 971, 971–72 (2d Dep't 2012).

On February 28, 2013, the Divorce Court entered the second amended judgment of annulment (the "Matrimonial Judgment"), which awarded Manewan a judgment against Levenstein in the amount of $86,377.50, of which $79,050 represented Manewan's credit for marital funds paid toward the Child Support Judgment.  (A-261, A-265).  On March 3, 2014, the Matrimonial Judgment was entered against Levenstein for a total amount of $93,997.52— the amount awarded to Manewan by the Divorce Court plus interest and costs.  (A-57).

On June 29, 2017, Levenstein filed for Chapter 7 bankruptcy.  This was Levenstein's third bankruptcy petition (the "Third Bankruptcy"):  he previously filed two Chapter 13 petitions

before the Matrimonial Judgment was issued. In the Third Bankruptcy petition, Levenstein listed the debt to Manewan as a "[j]udgment lien from a lawsuit." (See A-011; BR-1 at ECF 22).[2] On February 27, 2018, an order of discharge was entered in the Third Bankruptcy. (BR-26).

On July 30, 2021, Manewan moved to reopen the Third Bankruptcy. (BR-28). She argued she did not receive notice of the Third Bankruptcy because Levenstein listed her address incorrectly in the Third Bankruptcy petition. Indeed, Manewan claims she did not become aware of the Third Bankruptcy until her counsel attempted to collect the Matrimonial Judgment from Levenstein in January 2020, and Levenstein's counsel responded that the debt had been discharged in the Third Bankruptcy. Manewan sought to re-open the case "for the specific purpose of allowing [her] to seek . . . an order determining that the Matrimonial Judgment was not discharged in the Third Bankruptcy Case." (Id. at 9).

On October 27, 2021, the Bankruptcy Court granted Manewan's motion to reopen the Third Bankruptcy. (BR-33).

On December 15, 2021, Manewan filed an adversary complaint in the Bankruptcy Court seeking a determination that the Matrimonial Judgment was non-dischargeable under 11 U.S.C. § 523(a)(15). (BR-35). On June 27, 2022, following oral argument, the Bankruptcy Court agreed with Manewan and granted summary judgment in her favor. (A-272).

On August 5, 2022, Levenstein filed this appeal.

---

[2] "BR-__" refers to documents filed in the Third Bankruptcy, In re Levenstein, No. 17-36115 (CGM) (Bankr. S.D.N.Y. filed June 29, 2017).

"ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

## DISCUSSION

I. <u>Standard of Review</u>

A district court reviews a bankruptcy court's conclusions of law <u>de novo</u> and its findings of fact under a clearly erroneous standard.  See <u>In re Ames Dep't Stores, Inc.</u>, 582 F.3d 422, 426 (2d Cir. 2009).[3]

With respect to a bankruptcy court's factual findings, clear error exists only when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." <u>In re Manville Forest Prods. Corp.</u>, 896 F.2d 1384, 1388 (2d Cir. 1990).  "[T]he standard of review for a mixed question all depends—on whether answering it entails primarily legal or factual work."  <u>U.S. Bank Nat'l Ass'n v. Vill. at Lakeridge, LLC</u>, 138 S. Ct. 960, 967 (2018).

II. <u>Dischargeability Under Bankruptcy Code Section 523(a)</u>

Levenstein argues his debt to Manewan pursuant to the Matrimonial Judgment is dischargeable—and was discharged in the Third Bankruptcy—because it is a "money judgment," and not a non-dischargeable debt pursuant to Section 523(a) of the Bankruptcy Code.

The Court disagrees.

A. <u>Legal Standard</u>

A debt will be non-dischargeable in bankruptcy if it meets one of the statutory exceptions to discharge under Section 523 of the Bankruptcy Code.  See 11 U.S.C. § 523(a).  Pursuant to Section 523(a)(15), a debtor is not entitled to a discharge in bankruptcy for any debt: (i) "to a spouse, former spouse, or child of the debtor," (ii) "not of the kind described in paragraph (5) [of Section 523(a)]," and (iii) "that is incurred by the debtor in the course of a divorce or separation

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

or in connection with a separation agreement, divorce decree or other order of a court of record." Id. § 523(a)(15).

Section 523(a)(15) is significantly broader than Section 523(a)(5), an exception which deems non-dischargeable a "domestic support obligation."[4] 11 U.S.C. § 523(a)(5); In re Kalsi, 637 B.R. 33, 39 (Bankr. S.D.N.Y. 2022). The broader scope of Section 523(a)(15) "significantly limits the ability to discharge a debt related to a matrimonial action," including "non-support debts." In re Kalsi, 637 B.R. at 40. Thus, "in Chapter 7 cases, whether a debt is a domestic support obligation or some other type of obligation arising out of a marital relationship is of no consequence, as all of these debts are non-dischargeable." In re Forney, 2015 WL 1757117, at *2 (Bankr. E.D.N.Y. Apr. 14, 2015).

B.  Analysis

Here, the Matrimonial Judgement falls squarely within Section 523(a)(15). First, the debt is owed to a former spouse. Second, the debt—a credit for marital funds used to pay a criminal judgment against Levenstein—is not in the nature of maintenance, alimony, or support (and thus, is not a domestic support obligation under Section 523(a)(5)). Third, the debt obligation arises from the Matrimonial Judgment issued by the Divorce Court, and thus was incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." See 11 U.S.C. § 523(a)(15).

---

[4]   The Bankruptcy Code defines a domestic support obligation as a debt: "(a) owed to or recoverable by a spouse, former spouse, or child of the debtor . . . ; (b) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor . . . ; (c) established or subject to establishment . . . by reason of applicable provisions of a separation agreement, divorce decree, or property settlement agreement; [or] (ii) an order of a court of record." See 11 U.S.C. § 101(14A).

Levenstein's reliance on In re Harshaw, 26 F.4th 768 (7th Cir. 2022), is misplaced. Aside from the fact that Harshaw is not binding on this Court, the facts of that case are materially distinct from the present one. The plaintiff in Harshaw sought redress in arbitration based on equitable state law theories of express or implied contract, unjust enrichment, and quantum meruit, for contributions she made to a sixteen-year non-marital relationship, "including quitting her job to take care of the home and to take care of [the defendant's] nieces and grandson, who have special needs, as well as [the defendant] himself, who suffered from various health issues." Id. at 770. Although the parties in Harshaw had previously been married, they divorced and then renewed a non-marital relationship, and the contributions at issue occurred during the non-married period.

The arbitrator awarded the Harshaw plaintiff a judgment for $435,000, which the defendant could satisfy through assignment of his pension or retirement benefits, a qualified domestic relations order, or any manner acceptable to the parties. In re Harshaw, 26 F.4th at 772. The defendant filed for bankruptcy, and the plaintiff argued her arbitration award comprised a non-dischargeable property interest in the debtor's retirement accounts (as opposed to a dischargeable money judgment). Id. In concluding the debt was a dischargeable money judgment, the Harshaw court determined "[t]he closest exception" to discharge, Section 523(a)(5), did not apply because the parties were not spouses. Id. at 776. The Harshaw court did not discuss Section 523(a)(15).

Here, Manewan seeks payment for marital funds contributed during marriage towards a criminal judgment imposed on Levenstein before the marriage. She was awarded this relief pursuant to a judgment of annulment that divided marital assets and debts as a result of her commencing divorce proceedings. Therefore, unlike the plaintiff in Harshaw, Manewan is a

former spouse, and she was awarded a judgment through a post-annulment distribution of marital assets and debts. Accordingly, an out-of-circuit case analyzing the dischargeability of an arbitration award arising from state law non-matrimonial claims, is plainly inapplicable to Levenstein's debt.

Levenstein also argues this case is about fairness. He contends that holding the debt non-dischargeable would result in "classic 'double dipping'" because Levenstein "is now required to pay the same obligation twice." (Doc. #11 at 7). That is nonsensical and wholly without merit. The Child Support Judgment and the Matrimonial Judgment do not represent duplicative payment obligations—they remedy Levenstein's failure to ever pay the full amount owed to his first ex-wife, David.

Likewise, Levenstein's claim that the Appellate Division had some punitive intent in deciding against him because he was subject to a criminal judgment misconstrues that court's decision, which turned on when Levenstein incurred his Child Support Judgment obligations (i.e., before his marriage to Manewan). Levenstein v. Levenstein, 99 A.D. 3d at 973–74.

Accordingly, Levenstein fails to show any error, factual or otherwise, in the Bankruptcy Court's decision.

## CONCLUSION

The Bankruptcy Court's Order of July 26, 2022, is AFFIRMED.

The Clerk is instructed to close this case.

Dated: July 6, 2023
      White Plains, NY               SO ORDERED:

                                               /s/ Vincent L. Briccetti
                                               Vincent L. Briccetti
                                               United States District Judge